COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                                 NO.
2-10-269-CV

 

 

ELIZABETH A. FLACK-BATIE,                                                         APPELLANTS

LISA
A. BATIE, AND

ELIZABETH
A. BATIE-CHUKES

 

                                                             V.

 

JOHN H. BATIE &
JHB CONSULTING,                                               APPELLEES

JOHN
J. BATIE, ERIC C. BATIE
&

SOUND
FACTORY SYSTEMS LLC,

AND
U-HAUL CO. OF FORT WORTH

 

 

                                                       ------------

 

FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT
COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellants
Elizabeth A. Flack-Batie, Lisa A. Batie,
and Elizabeth A. Batie-Chukes appeal from the trial
court=s
dismissal of their case below for want of prosecution.  The trial court=s
dismissal order was signed May 7, 2010.  Appellants=
motion to reinstate was filed June 10, 2010, more than thirty days after the
trial court=s
dismissal order.[2]  The notice of appeal was not filed until
August 3, 2010.[3]

On
August 4, 2010, because it appeared that the postjudgment
motion to reinstate filed June 10, 2010, three days after its June 7, 2010 due
date, was untimely,[4]
and that therefore the notice of appeal was untimely,[5]
depriving this court of jurisdiction,[6]
we notified Appellants of our concern and requested that they advise us whether
they had mailed the postjudgment motion to reinstate
on or before its due date.  The
photocopies of certified mail receipts Appellants provided show that their
motion to reinstate was not mailed until June 8, 2010, one day late.

Accordingly,
because their motion to reinstate was late, it did not extend Appellants=
deadline for filing the notice of appeal.[7]  The notice of appeal remained due June 7,
2010,[8]
but it was not filed until August 3, 2010. 
Because the notice of appeal was untimely,[9]
we deny all pending requests for relief, and we dismiss this appeal for want of
jurisdiction.[10]

 

PER
CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  September 30, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 165a(3)
(providing that motion to reinstate is due within thirty days after order of
dismissal is signed).





[3]See Tex. R. App. P.
26.1(a)(3) (providing that notice of appeal is generally due within thirty days
after judgment is signed but that a timely filed motion to reinstate extends
the filing deadline to within ninety days after the judgment is signed).





[4]See Tex. R. Civ. P. 165a(3).





[5]See Tex. R. App. P.
26.1(a)(3).





[6]See Tex. R. App. P.
25.1, 26.1 (providing, together, that appellate court has jurisdiction over
timely filed notice of appeal).





[7]See Tex. R. App. P.
26.1(a)(3).





[8]See Tex. R. App. P.
26.1.





[9]See id.





[10]See Tex. R. App. P.
42.3(a), 43.2(f).